**SO ORDERED.**

**SIGNED this 01 day of October, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

**IN RE:**

**KAREN HORTON HARUM,**                    **CASE NO. 12-02649-8-JRL**
                                           **CHAPTER 7**
    **DEBTOR.**

_____

### ORDER

This matter came before the court on the objection of Ralph Berkowitz ("Berkowitz") to the debtor's discharge. Karen Harum ("debtor") responded in opposition to the motion. A hearing was held on September 19, 2012, in Wilmington, North Carolina.

The debtor filed for relief under chapter 7 of the Bankruptcy Code on April 4, 2012. The first 341(a) meeting of creditors was scheduled to occur on May 23, 2012. On July 22, 2012, the trustee filed a motion to extend time to file a complaint objecting to discharge. This motion was granted on July 28, 2012, and the last day to file a complaint was extended to August 20, 2012.

On July 19, 2012, Berkowitz filed a motion objecting to discharge. The motion filed by Berkowitz alleges the debtor is a "master manipulator" and has been extensively misleading the court. The motion further alleges the debtor has the ability to gain employment and earn a significant income. The motion requests the court order the debtor to pay some level of

restitution to creditors.

On August 14, 2012, the trustee filed an additional motion to extend time to file a complaint objecting to discharge. On August 15, 2012, the debtor filed a response in opposition to Berkowitz's motion. The debtor claims Berkowitz is using this objection to harass the debtor. Berkowitz adamantly denies this allegation. On August 31, 2012, the court granted the trustee's second motion, and further extended the time to object to October 19, 2012.

Pursuant to Bankruptcy Rule 4004, an objection to the debtor's discharge must be filed within 60 days following the first date set for the creditors meeting. However, the trustee has extended the period to object to discharge through October 19, 2012. It is well settled in the Fourth Circuit that creditors can rely on a trustee's extension of the time in which to object to a discharge pursuant to Bankruptcy Code section 727. See In re Farmer, 786 F.2d 618, 620 (4th Cir. 1986). Following the appropriate procedure, Berkowitz can initiate an adversary proceeding to challenge the debtor's discharge within the time period established by the trustee's extension.

Although Berkowitz failed to properly object to the debtor's discharge, his opportunity to object to the discharge has not expired. An objection to discharge cannot be made through a motion. To properly object to discharge a party in interest must file a complaint and initiate an adversary proceeding under the Bankruptcy Code. FED. R. BANKR. PRO. 7001(4). The party in interest must then serve the debtor and the debtor's counsel with the summons. Berkowitz only filed a motion, and thus failed to properly object to the debtor's discharge. The court dismisses Berkowitz's motion without prejudice

At the hearing, the debtor requested the court disallow Berkowitz's claims and charge Berkowitz with the costs of litigating this issue. The court finds the trustee's extension of the

period to object to discharge indicative of the good faith of the allegations made by Berkowitz in his objection. Consequently, the court will not award sanctions, costs, or fees requested by the debtor.

Based on the foregoing, the Berkowitz motion to object to the debtor's discharge is **DENIED** and the debtor's request for sanctions and costs is **DENIED**.

**END OF DOCUMENT**